UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMICA MUTUAL INSURANCE COMPANY<br>    *Plaintiff,* | )<br>)<br>) |
| v. | )<br>) |
| MARIA L. PAGAN<br>MARIA J. NOLASCO<br>JEREMY M. SHINGLER,<br>JEREMY M. SHINGLER AS GUARDIAN AND<br>NEXT OF FRIEND OF ROSALYNN H.<br>SHINGLER,<br>ROSALYNN H. SHINGLER IN HER OWN<br>RIGHT,<br>STEPHANIE F. SHINGLER, and<br>ERIE INSURANCE PROPERTY AND<br>CASUALTY COMPANY<br>    *Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No.: |

**COMPLAINT FOR EQUITABLE AND DECLARATORY JUDGMENT**

Amica Mutual Insurance Company, by and through its undersigned counsel, hereby brings this complaint for equitable and declaratory relief, pursuant to Rule 57 of the Federal Rules of Civil Procedure, against the Defendants, Maria L. Pagan, Maria J. Nolasco, Jeremy M. Shingler, Jeremy M. Shingler as guardian and next of friend of Roslaynn H. Shingler, Rosalynn H. Shingler in her own right, Stephanie F. Shingler, and Erie Insurance Property and Casualty Company. This is an action for declaratory relief for the purpose of determining the parties' respective rights and obligations under a Massachusetts Automobile Policy Number 4310063508 (the "Auto Policy"), Plaintiff Amica Mutual Insurance Company ("Amica") issued to Maria L. Pagan ("Ms. Pagan") and Jose Ramos Ramirez ("Mr. Ramirez") (collectively the "Policyholders"), and with respect to an underlying action filed by Jeremy M. Shingler, Jeremy M. Shingler as guardian and next of

1

friend of Roslaynn H. Shingler, Rosalynn H. Shingler in her own right, Stephanie F. Shingler (collectively, the "Shinglers"). This matter arises out of an insurance claim for bodily injuries, emotional distress, and loss of consortium. Ms. Pagan was visiting her daughter in West Virginia, when on the morning of September 13, 2023, Ms. Pagan's daughter, Defendant Maria J. Nolasco ("Ms. Nolasco") took Ms. Pagan's vehicle, a 2011 Toyota Camry (the "Vehicle") without Ms. Pagan's knowledge or consent. Ms. Nolasco struck a pedestrian, Defendant Jeremy M. Shingler, with the Vehicle, allegedly resulting in bodily injury to Mr. Shingler, and emotional distress to his daughter, Defendant Rosalynn H. Shingler, and loss of consortium to his wife, Stephanie F. Shingler.

Amica respectfully requests that this Honorable Court determine and declare that there is no insurance coverage under the Auto Policy for the damage resulting from Ms. Nolasco's operation of Ms. Pagan's vehicle because: (1) Ms. Nolasco did not have the Policyholders' consent to operate the vehicle; (2) the accident occurred outside of Massachusetts; (3) the Auto Policy does not provide liability coverage for accidents outside of Massachusetts under the terms of its Compulsory Insurance, Part 1: Bodily Injury to Others; (4) the Policyholders did not entrust Ms. Nolasco with the vehicle; (5) Ms. Nolasco was not a household member of the Policyholders; (6) the Policyholders are not legally responsible for the damages claimed; (7) the Auto Policy does not provide liability coverage for bodily injury or emotional distress caused to others unless the policy holder or a household member is legally responsible for the accident; and (8) the Auto Policy does not provide liability coverage for bodily injury or emotional distress caused to others unless the Policyholders gave their consent to the person legally responsible for the accident to operate their vehicle.

4112150.v2

## THE PARTIES

1. Plaintiff, Amica Mutual Insurance Company, is a corporation formed under the laws of the State of Rhode Island with its principal place of business at 100 Amica Way, Lincoln, RI 02865.

2. Upon information and belief, Defendant, Maria J. Nolasco is an adult individual who, based upon information and belief, and at all times relevant herein, resides at 3040 Bayberry Drive, Keyser, West Virginia, located in Mineral County.

3. Upon information and belief, Defendant, Maria L. Pagan is an adult individual who, at all times relevant herein, resides at 10 Albee Street, Apartment 1L, Fitchburg, MA, 01420, located in Worcester County, MA.

4. Upon information and belief, Defendant, Jeremy M. Shingler, is an adult individual who now and at all times relevant herein and during the collision resides in Keyser, West Virginia, located in Mineral County.

5. Upon information and belief, Defendant Rosalynn H. Shingler is a minor child and the daughter of Plaintiff Jeremy Shingler who now and at all times relevant herein and during the collision resides in Keyser, West Virginia, located in Mineral County.

6. Upon information and belief, Stephanie F. Shingler, the wife of Defendant Jeremy Shingler, is an adult individual who now and at all times relevant herein and during the collision resides in Keyser, West Virginia, located in Mineral County.

7. Upon information and belief, Defendant Erie Insurance Property and Casualty Company is an insurance company with a principal place of business of 100 Erie Insurance Place, Erie, PA 16530, and is registered to conduct business in West Virginia.

## JURISDICTION

8. Jurisdiction is proper pursuant to 28 U.S.C. § 1332.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

10. On or about October 31, 2022, Amica issued to Ms. Pagan and Mr. Ramirez a Massachusetts Personal Auto Policy with effective dates from October 31, 2022 to October 31, 2023, Policy Number 4310063508 (the "Auto Policy").  A true and accurate copy of the Auto Policy is attached hereto as Exhibit 1.

11. The Auto Policy contains the following provisions:

    **Definitions**

    **3. Accident** - means an unexpected, unintended event that causes bodily injury or property damage arising out of the ownership, maintenance, or use of an auto.
    …
    **Compulsory Insurance**
    …
    **Part 1. Bodily Injury To Others.**
    Under this Part, we will pay damages to people injured or killed by **your auto** in Massachusetts accidents. The damages we will pay are the amounts the injured person is entitled to collect for bodily injury through a court judgment or settlement. We will not pay punitive or exemplary damages. We will pay only if you or someone else using **your auto** with your consent is legally responsible for the accident. The most we will pay for injuries to one or more persons as a result of bodily injury to any one person in any one accident is $20,000. Subject to this $20,000 limit, the most we will pay for injuries to two or more people as the result of bodily injury to two or more people in any one accident is $40,000. This is the most we will pay as the result of a single accident no matter how may autos or premiums are shown on the Coverage Selections Page.

    We will not pay or defend:
    …
        **2.** For accidents outside of Massachusetts or in places in Massachusetts where the public has no right of access.
    …
    **Optional Insurance**
    …
    **Part 5. Optional Bodily Injury To Others.**

4

Under this Part, we will pay damages to people injured or killed in an accident if you or a **household member** is legally responsible for the accident and such accident arises out of the ownership, maintenance, or use of an auto by you or the **household member.** We will also pay damages if someone else using **your auto** with your consent is legally responsible for the accident. The damages we will pay are the amounts the injured person is entitled to collect for bodily injury through a court judgment or settlement. We will not pay punitive or exemplary damages.

This Part is similar to Compulsory Bodily Injury To Others (Part 1). It pays for accidents involving **your auto** in Massachusetts and does not pay for the benefit of anyone using an auto without the consent of the owner. Unlike the Compulsory Part, this Part provides coverage for injuries to guest occupants and for accidents occurring outside Massachusetts.

…

**General Provisions And Exclusions**
This section of the policy contains general provisions which, unless otherwise noted, apply to all your coverages. It also describes some situations in which policy benefits will not be paid.

**1. Where You Are Covered.**
Compulsory Bodily Injury To Others (Part 1) only covers accidents in Massachusetts.  All the other Parts provide coverage for accidents and losses which happen in the United State or Canada.  We consider United States territories and possessions and Puerto Rico to be part of the United States.  We will pay for accidents and losses which happen while **your auto** is being transported between ports of the United State and Canada.  **Your auto** is not covered in any other country.

…

12. The Policyholders are residents of Massachusetts.

13. The Policyholders were visiting Ms. Nolasco, a resident of West Virginia in September 2023.

14. Ms. Nolasco is not a household member of the Policyholders.

15. On the morning of September 13, 2023, Mr. Ramirez was sleeping and did not authorize Ms. Nolasco to operate the Vehicle.

16. On the morning of September 13, 2023, Ms. Pagan did not authorize Ms. Nolasco to operate the Vehicle.

17. On the morning of September 13, 2023, Ms. Nolasco took possession of the Vehicle and drove the Vehicle.

18. Ms. Nolasco denied having authorization to operate the Vehicle.

19. While driving the Vehicle on September 13, 2023, it is alleged Ms. Nolasco hit a pedestrian, Jeremy M. Shingler, in a crosswalk in the City of Keyser, West Virginia, resulting in bodily injury to the pedestrian (hereinafter referred to as the "Incident").

20. On or about June 27, 2024, Defendants Jeremy M. Shingler, Jeremy M. Shingler as guardian and next of friend of Roslaynn H. Shingler, Rosalynn H. Shingler in her own right, and Stephanie F. Shingler (collectively the "Shinglers"), filed a Complaint in the Mineral County Circuit Court of West Virginia against both Maria Nolasco and Maria Pagan.

21. The Shinglers allege that on or about September 13, 2023, Jeremy M. Shingler was walking Rosalynn to school, and when he entered into the crosswalk, Ms. Nolasco "negligently and violently struck Plaintiff Jeremy Shingler with [the Vehicle]."

22. The Shinglers allege that Rosalynn witnessed the collision and avoided being struck because Mr. Shingler moved her out of the Vehicle's path.

23. Jeremy M. Shingler is a named insured under a policy of insurance with Erie Insurance Property and Casualty Company, which provided him with underinsured motorist and/or uninsured motorist coverage applicable to this incident.

## COUNT I (DECLARATORY JUDGMENT)

24. Amica repeats, re-alleges, and incorporates by reference the allegations contained in the preceding paragraphs as if set forth more fully herein.

4112150.v2

25. The Shinglers have made claims for injuries alleged to arise from the September 13, 2023, accident with Amica.

26. Amica's insureds, Ms. Pagan and Mr. Ramirez are not legally responsible for any claimed injuries to the Shinglers.

27. There is no liability coverage available under Part 1 of the Auto Policy for any claim against the Policyholders because the accident occurred outside of Massachusetts.

28. There is no liability coverage under Part 1 of the Auto Policy for any claim against the Policyholders because the Policyholders did not authorize Ms. Nolasco to operate the Vehicle.

29. There is no liability coverage under Part 5 of the Auto Policy for any claim against the Policyholders because they did not entrust Ms. Nolasco with the Vehicle and therefore are not legally responsible for any alleged injuries resulting from Ms. Nolasco's operation of the Vehicle.

30. There is no liability coverage under Part 5 of the Auto Policy for any claim against the Policyholders for any emotional distress to Rosalynn Shingler because such emotional distress is not connected to physical injuries and is therefore not a "bodily injury" within the meaning of the Auto Policy.

31. There is no liability coverage under Part 5 of the Auto Policy for any claim against the Policyholders for any loss of consortium to Stephanie Shingler because such harm is not a "bodily injury" within the meaning of the Auto Policy.

32. There is no liability under the Auto Policy because the family use doctrine cannot and does not apply to the facts at bar.

33. Amica has no duty to indemnify the Policyholders against the Shinglers.

34. Amica has no duty to defend the Policyholders against the Shinglers.

35. Based upon the foregoing, AMICA asserts that an actual and bona fide controversy exists between the parties as to their legal relations with respect to the aforementioned Policy and the underlying litigation, and these rights and liabilities can be determined only by Declaratory Judgment.

WHEREFORE, Amica Mutual Insurance Company respectfully requests that this Honorable Court enter an Order in its favor and against the Defendants:

   a. Declaring that:

      i. There is no liability coverage afforded under the Auto Policy for any and all claims against Amica's Policyholders regarding damages arising from the September 13, 2023, Incident; and

      ii. Amica has no duty to indemnify or defend the Policyholders from or for any and all such claims arising out of or relating in any way to the Incident that occurred on September 13, 2023, that occurred in Keyser, West Virginia, and/or any future litigation that may arise and will not further liability for any defense costs or fees relating in any way to this incident and/or any future litigation that may arise nor will it be liable to the Policyholders under M.G.L.A. ch. 176D or ch. 93A.

   b. Awarding Amica costs herein expended and other such relief as this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

4112150.v2

Respectfully submitted,
Plaintiff, Amica Mutual Insurance Company
By and through its attorneys,

*/s/ Gail M. Ryan*
Anthony J. Antonellis, BBO #557964
Gail M. Ryan, BBO #676129
David M. Braga, BBO #712868
Sloane and Walsh, LLP
One Boston Place
201 Washington Street, Suite 1600
Boston, MA 02108
617-523-6010
aantonellis@sloanewalsh.com
gryan@sloanewalsh.com
dbraga@sloanewalsh.com

Dated: December 23, 2025

4112150.v2